UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

SHYAM PATEL

       Plaintiff,

    -against-

POLICE SERGEANT HAMEED ARMANI, (Shield No. 3455); POLICE OFFICER PETER CYBULSKI, (Shield No. 18074); POLICE OFFICERS "JOHN DOES" 1-4 (*the names John Doe being fictitious, the real names being currently unknown*)

       Defendants.

------------------------------------------------------------------- X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff SHYAM PATEL, by and through his attorneys, **THE LAW OFFICES OF KENNETH F. SMITH, PLLC**, complaining of the defendants herein, respectfully shows the Court and alleges:

## PRELIMINARY STATEMENT

1.  This is a civil rights action in which the plaintiff seeks relief for the defendants' violation of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §§ 1981 and 1983; by the United States Constitution, including its First, Fourth, Fifth, Sixth and Fourteenth Amendments, and by the laws and Constitution of the State of New York.

2.  The claims arise from a May 23, 2016 incident in which police officers from the New York City Police Department ("NYPD"), acting under color of state law, intentionally and willfully subjected plaintiff to, *inter alia*, first amendment violation, false arrest, failure to intervene and excessive use of force.

1

3.  The plaintiff seeks monetary damages (special, compensatory and punitive) against defendants, as well as an award of attorney's' fees and such other and further relief as the Court deems just and proper.

## JURISDICTION AND VENUE

4.  Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, 1343 and 1367(a).

5.  Venue herein is proper for the United States District Court for the Southern District of New York under 28 U.S.C. §1391 (a), (b) and (c), in that the events giving rise to the claim occurred within the boundaries of the Southern District of New York.

## JURY DEMAND

6.  Plaintiff demands a trial by jury in this action.

## PARTIES

7.  Plaintiff SHYAM PATEL is a twenty-two-year-old male who at all times hereinafter mentioned was and is a resident of the State of New Jersey.

8.  Defendants, police officers HAMEED ARMANI, PETER CYBULSKI, and JOHN DOES 1-4 are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of the City of New York, specifically, the New York City Police Department ("NYPD").

9.  Defendants HAMEED ARMANI, PETER CYBULSKI, and JOHN DOES 1-4 are and were at all times relevant herein, acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of the City Of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City Of New York and the NYPD, and were otherwise performing and

2

engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

10. The defendants are sued in their individual and official capacities.

## STATEMENT OF FACTS

11. On May 23, 2016, approximately 1:30AM, plaintiff, (along with his friend) was in the Times Square area of Manhattan, New York, sitting, outside, in an area designated as a seating area by the presence of numerous tables and chairs, and with many other people present.

12. Plaintiff observed several uniformed NYPD officers (defendant police officers, including defendant HAMEED ARMANI), who were walking in the area.

13. Plaintiff recognized the officers from several minutes before, when, as he had been sitting with his friend in a car around the corner, preparing to park, the same officers had issued plaintiff a summons for, upon information and belief, windows excessively tinted.

14. Plaintiff noticed one or more of the defendant police officers looking at himself and his friend, and, in an exercise of his First Amendment protected rights, plaintiff extended his middle finger and displayed it to defendant HAMEED ARMANI.

15. With plaintiff video-recording on his cell phone, defendants then approached plaintiff and defendant HAMEED ARMANI asked plaintiff for his identification.

16. Plaintiff asked defendant HAMEED ARMANI "What crime do you suspect me of committing?".

17. Defendant ARMANI registered his objection to the gesture, stating to plaintiff: "*You cannot gesture such…*".

18. Plaintiff stated to ARMANI: "*Oh yes I can, it's freedom of speech.*"

19. Defendant ARMANI stated: *"No it's not, you can't curse a police officer...you cannot curse a police officer."*

20. Defendant ARMANI then grabbed plaintiff's left hand and applied some sort of wrist lock to plaintiff's left hand and thumb, immobilizing his hand.

21. Plaintiff again stated to defendant ARMANI that he had a First Amendment right that protected the gesture he had made to defendant ARMANI.

22. Defendant ARMANI again stated *"You cannot curse..."*

23. Defendant ARMANI then grabbed plaintiff's cell phone from plaintiff's right hand and removed it.

24. Defendant HAMEED ARMANI then turned off the video recording app/feature that plaintiff had been using up to that very second and again demanded plaintiff's Identification.

25. Defendant Armani has issued a summons to plaintiff minutes before as plaintiff sat in his motor vehicle. At that time Armani has used plaintiff's driver's license to identify plaintiff, check plaintiff for warrants, and then to issue a summons to plaintiff[1].

26. After the above summons was issued to plaintiff, briefly before the incident that is the subject of this lawsuit, plaintiff parked his car, leaving his identification within.

27. Defendants ARMANI and (upon information and belief) CYBULSKI, then lifted plaintiff to his feet and handcuffed him as plaintiff continued to maintain that he had a First Amendment protected right (to display an extended middle-finger toward defendants), and as defendants just as vociferously stated to plaintiff that the First Amendment does not protect cursing at police officers.

---

[1] That summons was subsequently dismissed.

28. While this was happening the other defendant police officers stood close by and formed a rough "ring" around ARMANI and (upon information and belief) defendant CYBULSKI, where they (the other four defendant police officers) could hear the dialog between plaintiff, ARMANI and CYBULSKI.

29. All the defendant officers then brought plaintiff to a nearby marked NYPD patrol car bearing the markings "P.B.M.S." and "3864".

30. With defendant police officers surrounding plaintiff and said patrol car, defendant officers placed plaintiff inside the rear of said patrol car.

31. Plaintiff demonstrated full physical compliance as the foregoing was happening.

32. Plaintiff did not drop to the ground as the foregoing was happening.

33. Plaintiff did not twist his body or flail his arms as the foregoing was happening;

34. Plaintiff did not wrench his arms away from the grasp of defendants ARMANI, CYBULSKI or any other officer as they were attempting to handcuff him

35. Plaintiff did not hit or strike or kick, nor attempt to hit or strike or kick defendant police officers or any other persons while the foregoing was happening.

36. A defendant officer then entered the driver seat of said patrol car and left the location with plaintiff.

37. Plaintiff spent approximately twenty hours in custody before being arraigned in New York County Criminal Court, under docket number 2016NY032838.

38. Plaintiff was charged, in a Criminal Court Complaint, with the Class "A" misdemeanor Crime of Resisting Arrest under N.Y.P.L. §§ 205.30, and Disorderly Conduct, a violation, under N.Y.P.L. § 240.20(3).

39. Said accusatory instrument was verified by defendant police officer PETER CYBULSKI, and purports to be based on Cybulski's personal observations, as well as from information supplied by defendant HAMEED ARMANI.

40. Said accusatory contains a jurat right above the deponent's signature line which is printed in bold-faced font and which reads: "False statements made in this written instrument are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal Law, and as other crimes."

41. Plaintiff entered a plea of not-guilty and was released on his own recognizance.

42. Plaintiff retained counsel and subsequently appeared in New York Criminal Court on or about the following dates: 05/23/2016, 07/12/2016, 09/09/2016.

43. On September 9, 2016, the Manhattan District Attorney's office moved to dismiss the case.

## GENERAL ALLEGATIONS

44. On the date, time and place in question, plaintiff did not act in a disorderly manner, and did not commit any violations of the Penal Law.

45. Defendant officers, at the behest of defendant HAMEED ARMANI, falsely arrested plaintiff in retaliation for his expression of his First Amendment protected "speech", namely his display to them of his extended middle finger.

46. After plaintiff displayed his middle finger toward defendants—particularly defendant Armani—Armani approached plaintiff, told plaintiff that he, plaintiff, was not allowed to "curse" or "gesture such" at a police officer and then arrested plaintiff.

47. Plaintiff did not resist arrest, did not flail his arms, did not twist his body, did not attempt to prevent police officers from placing handcuffs on him, notwithstanding the defendant officers' complete lack of lawful basis to arrest plaintiff.

48. At all times during the events described, the defendant police officers were engaged in a joint venture. The individual defendants assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during said events. They failed to intervene in the obviously illegal actions of their fellow officers against plaintiff.

49. During all of the events described, the defendant police officers acted maliciously and with intent to injure plaintiff.

50. The Defendant officers' arrest of plaintiff was utterly devoid of probable cause.

51. The New York County District Attorney's office prosecution of plaintiff was commenced as a result of the sworn testimony and/or sworn statements that defendants provided and which were memorialized in the criminal court complaint.

52. Said sworn statements are perjurious in that they wrongly attribute criminal actions to plaintiff including Resisting Arrest that plaintiff demonstrably did not commit.

53. Thus, defendant CYBULSKI's sworn statement that he observed plaintiff resist arrest is a lie and a perjury.

54. The individual defendant police officers acted under pretense and color of state law in their individual and official capacities and within the scope of their employment. Said acts by said defendant police officers were beyond the scope of their jurisdiction, without authority or law, and in abuse of their powers, and said defendant officers acted maliciously, willfully, knowingly, and with the specific intent to deprive plaintiff of his rights.

55. As a direct and proximate result of the acts of defendants, plaintiff suffered the following injuries and damages:

 a) Violation of plaintiff's rights, pursuant to the First Amendment to the United States Constitution to enjoy Freedom of Speech;

 b) Violation of plaintiff's rights, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, to be free from unlawful arrest;

 c) Violation of Plaintiff's rights, pursuant to the Sixth Amendment to the United States Constitution, to a Counsel and a Fair Trial;

 d) Violation of Plaintiff's rights, pursuant to the Fifth and the Fourteenth Amendments to the United States Constitution, to Due Process of Law.

 e) Fear, embarrassment, annoyance, humiliation, distress, frustration, extreme inconvenience and anxiety, the need to hire an attorney to defend against specious crimes;

 f) Loss of Time;

 g) Loss of Liberty.

## FIRST CLAIM
### (FALSE ARREST UNDER FEDERAL LAW)

56. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein

57. On the above incident date, defendants HAMEED ARMANI and PETER CYBULSKI falsely arrested plaintiff without an arrest warrant, probable cause, or any reasonable suspicion that plaintiff had committed or was in the process of committing a crime.

58. Accordingly, defendants HAMEED ARMANI and PETER CYBULSKI are liable to plaintiff for false arrest under 42 U.S.C. § 1983; and the Fourth and Fourteenth Amendments to the United States Constitution.

59. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SECOND CLAIM
## (MALICIOUS PROSECUTION UNDER FEDERAL LAW)

60. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

61. Defendants HAMEED ARMANI and PETER CYBULSKI, with malice, initiated, commenced and continued a prosecution against plaintiff.

62. Defendants ARMANI and CYBULSKI caused plaintiff to be prosecuted notwithstanding the fact that there was no probable cause to detain, arrest or charge plaintiff with any violations of the law.

63. The charges against plaintiff were dismissed in their entirety, but only after multiple court appearances stretching over a period of approximately four months after the arrest of plaintiff.

64. By their conduct, as described herein, and acting under color of state law, defendants ARMANI and CYBULSKI are liable to plaintiff under 42 U.S.C. § 1983 for the violation of his constitutional rights to be free from malicious prosecution under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution.

65. As a direct and proximate result of the abuse of authority detailed above, plaintiff sustained the damages stated.

## THIRD CLAIM
### (FAILURE TO INTERVENE UNDER FEDERAL LAW)

66. Plaintiff repeats and realleges all the foregoing paragraphs as if the same were fully set forth at length herein.

67. On the above described incident date, some of the defendant police officers ("*John Does*" *1-4)* did not have extended direct contact with plaintiff but had a reasonable opportunity to observe and to prevent the violations of plaintiff's constitutional rights by their fellow officers, but nonetheless, failed to intervene.

68. Accordingly, those defendants: Police Officers "*John Does*" 1-4" are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's Constitutional rights under the First, Fourth, Fifth Sixth, and Fourteenth Amendments to the United States Constitution.

69. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### DEPRIVATION OF RIGHTS
### UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. §1983
**(Against the individual defendants)**

70. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. By their conduct and actions in falsely arresting plaintiff, preventing plaintiff from filming police activity, destroying video evidence, fabricating evidence, abusing criminal process, maliciously prosecuting plaintiff, and by failing to intercede to prevent the complained of conduct, the individual defendants acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless

disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed through 42 U.S.C. § 1983 and the United States Constitution, including its First, Fourth, Fifth, Sixth and Fourteenth Amendments.

72.  As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff demands a jury trial and the following relief, jointly and severally against the defendants:

a.  That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation;

b.  That he be awarded punitive damages against the individual defendants;

c.  That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d.  For such other further and different relief as to the Court may seem just and proper.

Dated: Brooklyn, New York
       July 3, 2018

Respectfully submitted,

_____

*Counsel for Plaintiff Shyam Patel*
The Law Offices of
Kenneth F. Smith, PLLC
16 Court Street, Suite 2901
Brooklyn, NY 11241
(646) 450-9929
(646) 514-4524 (FAX)